## STEAMBOAT REVEILLE vs. CALVIN CASE.

1. Under the statute of 1835, regulating proceedings against boats it is not necessary that the complaint should follow the words of the statute.

2. A demurrer assigning special causes, is to be regarded as a special demurrer, although it may contain a general assignment.

3. Where by a rule of the St. Louis circuit court, leave to plead is refused upon overruling a special demurrer, the sup. court will not interfere with a judgment entered up by the circuit court upon overrulling such a demurrer. It is a matter of practice to be regulated by the discretion of the circuit court.

4. When a judgment upon demurrer is entered for the plaintiff, the plaintiff's cause of action is admitted as stated in his pleading, and the only matter for the jury on an enquiry is to ascertain the amount of damages.

## APPEAL from St. Louis Circuit Court.

McBRIDE, J., delivered the opinion of the court.

Case instituted proceedings on the 6th Nov'r. 1843, under the statute of 1835, R. C. 102. against the steamboat Reveille, by filing in the office of the clerk of the St. Louis circuit court, the following complaint:

"Calvin Case of St. Louis, by his attorney, complains of steamboat called the Reveille, used in navigating the waters of this State, that heretofore, to wit, on the first day of July last past, and within six months from the time of making this complaint, at St. Louis, in the county of St. Louis, the complainant sold and delivered unto Foster & Pickering owners of said steamboat Reveille, one steamboat boiler, for the use of said steamboat Reveille, at the price of $250, of which $150 were paid to the complainant in hand.

"And the complainant further says, that said boiler was placed on said steamboat Reveille, and used in the employment of said boat to the present time; and the balance of said sum of $250, was to be paid to the complainant in ninety days from the time of such sale and delivery aforesaid. And although the time of payment has long since elapsed, yet the said $100, being the balance of $250, has not been paid to the complainant and is now justly due, wherefore he prays that said boat may be arrested agreeably to the statute," &c.

The plaintiff made oath to the truth of the facts set out in his complaint, and that the cause of action had accrued within six months last past.

The boat having been arrested, the owner came forward and executed bond as the statute required, obtained the release of the boat, entered his appearance to the action, and filed a demurrer to the complaint, setting out the following causes:

1. "For that the said plaintiff in and by his said complaint, sets out a supposed indebtedness contracted by certain persons alleged therein to be the owners of said boat, whereas it is apparent from the particulars of said demand, that no supply or supplies, within the true meaning of the statute in such case made and provided, were had.

2. For that it does not appear in and by said complaint, that the

said boiler was furnished for the use, and on account of the said boat, within the true intent and meaning of the statute.

3. For that it does not appear in and by the said complaint, that the said boiler was furnished in and about the building, repairing, fitting out, or furnishing and equipping the said boat, within the true intent and meaning of the statute, or that the same became permanently part and parcel of the said boat.

4. For that the said complaint sets forth a supposed cause of action, as being within the second class of liens specified in the said act, whereas it is apparent that the said cause of action, if any the plaintiff have, is within the third class of liens.

5. For that the said complaint does not set forth the particulars of the said demand, with sufficient certainty and distinctness, to determine its true classification within the statute.

6. And also because the said complaint shews no cause of action against the said boat, and is in other respects uncertain, informal and insufficient," &c.

The court overruled the demurrer, and entered a judgment of default against the defendant; and awarded a writ of enquiry for the assessment of damages, to be executed at the same term. Upon the overruling of the demurrer, the defendant asked leave of the court to plead to the merits of the action, which the court refused as being contrary to the 18th rule of the code of rules of said court in force, that is to say—"In all cases of special demurrers to a declaration, petition or complaint, no leave to plead will be given to the defendant, if the demurrer shall be overruled."

To the refusal of the court to permit him to plead, the defendant filed his exceptions.

Upon the assessment of damages, the defendant moved the court for two instructions, the first having been refused, it is only necessary to notice, and is as follows: "The jury are instructed, that if they shall find from the evidence, that any articles or article for which the plaintiff claims damages, was sold and delivered by him to the owners of the steamboat Reveille, at a time more than six months before the commencement of this suit, they will in their assessment of damages, exclude the value or price of any such article or articles."

The court at the same time charged the jury, "That the defendant by suffering judgment by default, had admitted the plaintiff's right of action, and that the only thing for the jury to determine was the extent for which the plaintiff was entitled to recover for the boiler specified in his complaint." To the refusal of the court to give the first instruc-

Steamboat Reveille vs. Case.

tion asked for, and to the giving of the charge by the court to the jury, the defendant excepted.

The jury assessed the damages to $106 25, whereupon the defendant moved to set the assessment aside, for the usual reasons, which being likewise overruled, he excepted and appealed to this court.

The first question presented for the decision of this court, is the action of the circuit court on the demurrer.

The supplemental act of 1839, § 1, page 13, provides that, "There shall be a lien on every boat or vessel used in navigating the waters of this State, in the following cases : 1st. For all wages due to the hands or persons employed on board of the same on account of work done or services rendered on board of such boat or vessel. 2d. For all debts contracted by the master, owner, agent, or consignee of such boat or vessel, on account of stores and supplies furnished for the use thereof. 3d. For all materials furnished and labor done by mechanics, tradesmen and others in the building, repairing, fitting out, furnishing and equipping such boat or vessel," &c.

Boats and vessels are equally liable for debts contracted by the master, &c. on account of the labor done, materials furnished, &c. for the building, &c. of such boat or vessel, as for supplies furnished for the use thereof.

The complaint alleges the sale and delivery of the boiler, to the owners of the steamboat Reveille, *for the use of said boat*, and that the boiler was placed on the boat and used in the employment thereof, to the time of bringing the action. Although the draftsman has not used the precise phraseology employed in the statute, yet we think the language used definite enough to satisfy the statute. The exact nicety which the defendant insists upon, is not necessary in this or any other civil proceeding.

The complaint sets out succinctly, but clearly, the plaintiff's demand in all of its particulars, and on whose account the same accrued, and it is not perceived that any difficulty could arise in ascertaining to which class of liens it belonged.

If our construction of the complaint be correct, it results that the circuit court committed no error in overruling the demurrer of the defendant.

Notwithstanding the demurrer is of the distinctive character set out, yet the defendant's counsel contends, that inasmuch as the sixth cause is general, the demurrer should be regarded and treated as a general one, and upon its being overruled, he had a right to plead to the merits, &c. We think however, that after assigning five special causes, and

some of those confessedly go merely to the form of the complaint, the defendant cannot change the character of his demurrer, by adding a general cause. Wherever special causes are assigned, the demurrer should be regarded as it evidently must have been intended by the pleader, as a special demurrer. If so regarded, the court would have the power (R. C. 458) "to proceed and give judgment according as the very right of the cause and the matter in law shall appear," &c., or the court might "amend every such defect or other imperfection, in any process or pleading, &c. other than those which the party demurring shall specially express in his demurrer." When therefore a party by his special demurrer, attempts to defeat the right of amendment, his pleadings should not be regarded with any special favor.

After the demurrer was overruled by the court, should leave have been given the defendant to plead the merits? Clearly not, if the rule above referred to is to have any operation. The statute vests the court with the power of amending any process, pleading or proceeding, in any action before such court, either in form or substance, for the furtherance of justice, on such terms as shall be just, at any time before final judgment rendered therein; R. C. 1835, p. 467. Here the court have the power, under the exercise of a sound discretion, to permit amendments; but this court cannot review the action of the circuit court, when that court refuses to exercise such power. What would be a proper and very judicious exercise of discretionary power in one section of the State, and under certain circumstances which this court has no means of knowing, would perhaps be very unwise and oppressive in another quarter, and under a different state of circumstances. Hardships will occasionally arise under an inflexible rule, not to permit a defendant to plead to the merits, after he has demurred specially, and his demurrer has been overruled; and yet it may be necessary to enforce some such rule in a court where there is a very great amount of business; otherwise the time of the court might be unnecessarily taken up with special demurrers, greatly to the prejudice of the public interest. In ordinary cases, no evil can arise from requiring the party demurring specially, to stand upon his demurrer—whilst the rule would save the courts much time and perplexity, by making counsel more cautious in their pleadings, and admonish them never to demur, unless they were fully satisfied in their own judgment that the law was with them.

The circuit court having entered judgment by default against the defendant, it becomes necessary to ascertain the effect, or consequences of such a judgment.

The defendant, by demurring, having admitted the facts set out in the complaint, and the court applying the law thereto, and finding them sufficient to entitle the plaintiff to have his action, precludes the defendant thereafter from showing that the plaintiff should not recover.

If the judgment in this case be in effect an admission of the plaintiff's right to recover, then the court committed no error in refusing the first instruction asked for by the defendant. It was an indirect effort on his part, to defeat a right which by his pleadings, he had admitted. There was no error in giving the charge, which the court did, to the jury.

The motion for a re-assessment of damages was properly overruled.

The other judges concurring herein, the judgment of the circuit court is affirmed.